IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KIM G. IEYOUB** <br> *Plaintiff* <br><br> v. <br><br> **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA** <br> *Defendant* | § § § § § § § § § § § | CIVIL ACTION NO. 2:19-cv-00675 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Plaintiff, **KIM G. IEYOUB**, through undersigned counsel, who files the following Original Complaint against Defendant, **BLUE CROSS AND BLUE SHIELD OF LOUISIANA**. She hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Employee Retirement Income Security Act as it appears at 29 U.S.C. § 1001 *et seq.*

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States; and

   b. ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) which grants the federal courts jurisdiction over cases brought pursuant to ERISA, and exclusive jurisdiction over all claims in this

    litigation other than that brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Calcasieu Parish, making the Lake Charles Division the most appropriate Division for this suit. Furthermore, venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this District.

## PARTIES

4. Plaintiff, **KIM G. IYEOUB**, is an individual of the age of majority who is domiciled in the Parish of Calcasieu, State of Louisiana.

5. The Bluesaver Group High Deductible Major Medical Benefit Plan (the "Plan") is employee welfare benefit plan as defined in ERISA § 3(1), 29 U.S.C. § 1002(1).

6. At all times relevant hereto, Plaintiff was and is the legal spouse of an employee of Plauché, Smith & Nieset, L.L.C. Plaintiff's legal spouse constitutes a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7). As such, Plaintiff is a proper "beneficiary" of the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

7. Defendant, **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA** ("BCBSLA"), is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana. BCBSLA operates as a domestic insurer licensed to conduct and is conducting business in the State of Louisiana. BCBSLA maintains an office in Lake Charles, located in the Parish of Calcasieu, State of Louisiana.

8. BCBSLA retains full discretionary authority to determine eligibility for Benefits and/or to construe the terms of the Plan. As such, BCBSLA is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

## FACTUAL ALLEGATIONS

9. On the evening of September 9, 1978, Plaintiff was involved in an automobile accident. As a result of the accident, Plaintiff suffered traumatic injuries to her mouth.

10. Plaintiff was seen on an emergency basis by Dr. James E. Heard, DDS approximately one (1) hour after the accident. At that time, Dr. Heard noted that Plaintiff had fractured the "maxillary left central incisor completely through the root at approximately he apical and middle third of the tooth. There was a complete absence of the left lateral incisor, and the right central incisor was displaced labilally and was extremely mobile." At the time, Dr. Heard injected Plaintiff with local anesthetic and manipulated Plaintiff's right central tooth back in to place, stabilized the tooth, x-rayed Plaintiff, and prescribed her medication for pain.

11. On the following Monday, September 11, 1978, Dr. Heard surgically removed the root on the maxillary left central and inserted a partial denture with wrought wire clasps to replace Plaintiff's missing teeth. Then, Plaintiff underwent root canal therapy on her right central tooth from September 19, 1978 through October 25, 1978.

12. Plaintiff's right central, left cuspid, and left first bicuspid were prepared on Tuesday, October 31, 1978 for a five-unit porcelain veneer bridge as a permanent replacement of Plaintiff's missing teeth. Dr. Heard cemented the bridge and completed the case on or about November 15, 1978.

13. Dr. Heard passed away in January 1979. As a result, Plaintiff sought subsequent treatment from Dr. W. Harold Schnauder, another practicing dentist in the Lake Charles area.

14. Plaintiff was treated by Dr. Schnauder several times, including in March 1979, April 1980, May 1980, and May 1981.

15. During litigation that ensued as a result of the September 9, 1978 automobile accident, Dr. Schnauder attested that Plaintiff would require future dental work as a result of the traumatic injuries she sustained to her mouth. Notably, Dr. Schnauder noted that the five-unit bridge would need to be replaced in approximately ten years' time. He stated that, based on his experience and expertise, Plaintiff would require a third bridge approximately ten (10) to fifteen (15) years after she received a second bridge. Dr. Schnauder also stated that several root canals may become warranted if Plaintiff's teeth began dying as a result of the trauma.

16. On October 31, 2017, Plaintiff consulted with Dr. Daniel Domingue, DDS, upon a referral from her general dentist, Dr. Matt George. Dr. Domingue recorded that Dr. George's reports indicated that Plaintiff's previous traumatic automobile accident had damaged several anterior teeth and that her anterior bridge was currently fractured.

17. On March 2, 2018, Plaintiff underwent an outpatient surgical procedure necessitated by the traumatic injuries she sustained in the September 1978 automobile accident. The outpatient surgical procedure performed by Dr. Daniel Domingue, DDS, which included operation on all the teeth injured in the accident and tended to by both Dr. Harold and Dr. Schnauder, totaled approximately $12,060.00.

18. On April 12, 2018, Plaintiff submitted a Claim to BCBSLA, seeking reimbursement of certain medical expenses paid to Dr. Daniel Domingue under terms of the Plan.

19. The Plan defines "Dental Care and Treatment" as "[a]ll procedures, treatment, and Surgery consisted to be within the scope of the practice of dentistry, which is defined as that practice in which a person: (A) represents himself as being able to diagnose, treat, correct, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, jaws or associated parts and offers or undertakes by certain means to diagnose, treat, correct, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the same; (B) takes impressions of the human teeth or jaws or performs any phase of any operation incident to the replacement of a tooth or part of a tooth or associated tissues by means of a filling, crown, denture, or other appliance; or (D) furnishes, supplies, constructs, reproduces, repairs of offers to furnish, supply, construct, reproduce, or repair prosthetic dentures, bridges, or other substitute for natural teeth to the user or prospective user.

20. The Plan defines "Surgery" as: (A) the performance of generally accepted operative and cutting procedures including specialized instrumentations, endoscopic exams, incisional and excisional biopsies and other invasive procedures . . . ."

21. Article XI, Section C of the Plan, entitled "Oral Surgery Benefits," provides that coverage is provided for "Dental Care and Treatment including Surgery and dental appliances required to correct Accidental injuries of the jaws, cheeks, lips, tongue, roof or floor of mouth, and of sound natural teeth. (For purposes of this section, sound natural teeth include those which are capped, crowned or attached by way of a crown or cap to a bridge. Sound natural teeth may have filings or a root canal.)"

22. Because Plaintiff sought dental services required to correct accidental injuries of her mouth and of sound natural teeth, Plaintiff is entitled to benefit coverage for such dental services.

23. Upon information and belief, during the last week of April 2018, BCBSLA furnished correspondence to Plaintiff indicating that her Claim had been denied.

24. On June 12, 2018, Plaintiff submitted an Appeal to BCBSLA, requesting reconsideration of its denial to reimburse Plaintiff for the medical expenses paid to Dr. Daniel Domingue. In support of the Appeal, Plaintiff supplied BCBS with: 1) a copy of the lawsuit involving Plaintiff, which details the catastrophic nature of the injuries Plaintiff sustained; 2) the original Claim form; and 3) a copy of the BCBSLA denial letter.

25. On July 19, 2018, BCBSLA issued correspondence to Plaintiff informing her that they were upholding their original denial because they "did not receive any dental or clinical records to show that the dental work provided was a result of the initial injury sustained." Furthermore, the correspondence instructed Plaintiff that she could appeal the denial within the next sixty (60) days.

26. On August 27, 2018, Plaintiff submitted her second appeal to BCBSLA's Appeals Grievance Coordinator, stating that the statement that BCBSLA "did not receive any dental or clinical records to show that the dental work provided was a result of the initial injury sustained" was erroneous and thereafter submitting certain records from Dr. Domingue which demonstrate that the treatment was required to correct accidental injuries of the mouth and of sound natural teeth as a result of the automobile accident.

27. On October 2, 2018, BCBSLA issued correspondence to Plaintiff indicating that the Appeals Committee was upholding its previous determination and that, should she wish to challenge the decision, that she could proceed with a civil action under Section 502(a) of ERISA.

28. Plaintiff then obtained undersigned counsel, who submitted correspondence to BCBSLA on February 15, 2019 asking that any necessary authorizations or releases be directed to counsel's attention immediately. Undersigned counsel contacted BCBSLA and asked for an opportunity to acquire additional medical documentation to submit in support of Plaintiff's original Claim for benefits. BCBSLA agreed to accept new documentation in reference to Plaintiff's original Claim. Furthermore, BCBSLA agreed to reconsider its denial decision and process a "renewed claim" in light of the additional medical documentation.

29. On March 1, 2019, and immediately after counsel obtained additional documentation, counsel submitted a request to process a renewed claim. Furthermore, Plaintiff provided BCBSLA with medical records from: 1) The Offices of J. Jerome Smith, DDS and Daniel Domingue, DDS; and 2) Donald & George Family Dentistry.

30. On April 15, 2019, counsel spoke with a BCBSLA representative, at which time counsel was informed that the March 1, 2019 letter requesting that a renewed claim be processed had been received and assigned to a BCBSLA representative.

31. On April 22, 2019, BCBSLA submitted correspondence indicating that the needed the provider's NPI number was needed for further claim processing. Plaintiff provided the NPI number and all additional documentation on or about May 1, 2019.

32. As of May 14, 2019, BCBSLA has received all of the supporting documentation in Plaintiff's and counsel's possession; however, no final decision has been rendered. As such, Plaintiff has not currently been reimbursed for the $12,060.00 she paid to Dr. Domingue.

33. Per the express terms of the Plan, Plaintiff has until May 28, 2019 to file a civil lawsuit for causes of action pertaining to her Claim. Although the parties currently remain in good-faith correspondence to resolve Plaintiff's Claim and obviate the need for this suit, Plaintiff has not received affirmation that BCBSLA will approve her Claim and, as such, files the instant suit with the sole intention to preserve her rights.

**FIRST CAUSE OF ACTION: Wrongful Denial of Benefits**
*Section 1132(a)(1)(B) of ERISA, 29 U.S.C. § 1002(1)*

34. Plaintiff incorporates the allegations contained in the above paragraphs as if set forth herein.

35. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan.

36. As a legal spouse of an employee of Plauche, Smith & Nieset, L.L.C., Plaintiff is a "Beneficiary" as defined in § 3(7), 29 U.S.C. § 1102(7). As such, Plaintiff is a proper party to bring claims pursuant to 29 U.S.C. § 1132(a)(1)(B).

37. BCBSLA retains full discretionary authority to determine eligibility for Benefits and/or to construe the terms of the Plan. As such, BCBSLA is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

38. Despite that Plaintiff's oral surgery, necessitated by injuries sustained in an automobile accident, falls squarely within the scope of compensable benefits under the Plan, Plaintiff was wrongfully denied benefits due under the express terms of the Plan for "Oral Surger Benefits," which includes "[d]ental [c]are and [t]reatment including [s]urgery and dental

appliances required to correct Accidental injuries of the jaws, cheeks, lips, tongue, roof or floor of mouth, and of sound natural teeth."

39. Plaintiff contends that Defendant's refusal to provide medical coverage for the $12,060.00 Plaintiff incurred in medical expenses for services performed by Dr. Daniel Domingue was entirely wrongful or otherwise improper and was in contravention of the terms of the Plan.

40. In denial of Plaintiff's claim, Defendant did not give due consideration to all relevant evidence regarding the necessity of Plaintiff obtaining the services of Dr. Domingue.

41. Defendant owed a fiduciary duty to Plaintiff. Defendant breached this fiduciary duty by interfering with Plaintiff's right to receive benefits under the Plan. These breaches include, but are not limited to:

    a. Defendant has failed to make or authorize benefit payments to Plaintiff at a time where Defendant knew or should have known that Plaintiff's claim was covered by the Plan;

    b. Defendant unreasonably and/or arbitrarily withheld payment from Plaintiff, as it had actual or constructive knowledge that Plaintiff's claim for benefits pursuant to the Plan to be valid;

    c. Defendant unreasonably and arbitrarily refused to pay benefits without considering all supporting information and data available to it.

42. Plaintiff is entitled to a *de novo* review of her claim for benefits, *inter alia*, for one or more of the following reasons:

    d. The claim denial conflicts with the plain language of the plan; and/or

    e. The claim denial turns on a question of law.

43. Plaintiff submitted a Claim to BCBSLA for the expenses incurred as a result of Plaintiff's treatment with Dr. Domingue more than thirty (30) days before filing this lawsuit.

44. As a Defendant's wrongful conduct, Plaintiff is entitled to the payment of benefits, penalties, attorney's fees, and any and all other relief to which she may be entitled as a matter of law.

---

## PRAYER
---

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declare that Defendant has violated the terms of the Plan by failing to pay Plaintiff benefits under the Plan;

b. Enter judgment against Defendant in an amount sufficient to compensate Plaintiff the out-of-pocket expenses she or her husband incurred as a result of Defendant's wrongful denial of benefits or otherwise enter judgment entitling Plaintiff to recovery of benefits due to her under the Plan;

c. Award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g);

d. Award Plaintiff costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g);

e. Pre-judgment interest from date payment was due;

f. Post-judgment interest from the date of judicial demand; and

g. Provide such other and further relief as the Court may deem just and proper.

*{Remainder of Page Intentionally Left Blank}*

---

## JURY DEMAND

---

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

        **Respectfully Submitted,**

        **SUDDUTH & ASSOCIATES, LLC**
        Attorneys-at-Law
        1109 Pithon St.
        Lake Charles, LA 70601
        Tel: (337) 480-0101
        Fax: (337) 419-0507

BY:  */s/ James E. Sudduth, III*
        JAMES E. SUDDUTH, III (#35340)
        KOURTNEY L. KECH (#37745)
        ERIN N. ABRAMS (#38119)
        PIERCE A. RAPIN (#38579)
        *Counsel for Plaintiff*